DANIEL J. KELLY vs. ERIE TELEGRAPH & TELEPHONE COMPANY.

December 5, 1885.

| 34 | 321 |
| 42 | 521 |
| 34 | 321 |
| 47 | 114 |
| 34 | 321 |
| 74 | 165 |
| 34 | 321 |
| 83 | 231 |
| 54 LRA73n | |

Master and Servant — Defective Appliances — Fellow-Servants.— A servant to whom a master entrusts the duty of furnishing machinery or appliances for other servants to work with, is not their fellow-servant so as to prevent liability of the master to them for injuries caused by his negligence in performing that duty.

Evidence—Expert—Cross-Examination.—A medical witness for defendant having testified to an opinion that plaintiff will permanently recover from the injury sustained by him, it was proper, on cross-examination, to ask him if the injury was likely to produce or be followed by certain diseases.

Evidence *held* sufficient to sustain the verdict.

Plaintiff brought this action in the district court for Ramsey county, to recover damages for personal injuries occasioned by the falling of one of defendant's telegraph poles, the plaintiff being at the time of the injury engaged in the service of the defendant, and at work upon the top of the pole.   The action was tried before *Brill*, J., and a jury, and plaintiff had a verdict for $1,500.   Defendant appeals from an order refusing a new trial.

*Campbell & Biddle*, for appellant.

*C. D. O'Brien*, for respondent.

GILFILLAN, C. J.   There was abundant evidence in this case to justify the jury in finding that there was negligence on the part of the defendant, and also in finding that there was none on the part of plaintiff.

It was the duty of defendant to use reasonable care and prudence to have the poles up which it required employes to climb, a work of danger, safe.   If it set the pole in question, it was its duty to set it deep enough in the ground to be safe; if it adopted for the use of its servants a pole set by somebody else, it was its duty to ascertain, by proper inspection, whether it was set deep enough to be safe, and if it was not, then to reset it so that it would be safe.   The performance of this duty for defendant, as appears from the evidence, was

for the foreman, Bucholz, and not for plaintiff, who had nothing to do with that part of the work, except when, in particular instances, he was so directed by the foreman. The court was therefore right in its instruction to the jury, that negligence of Bucholz in the premises was, as between plaintiff and defendant, negligence of the defendant. For a servant to whom the master intrusts the duty of furnishing safe machinery or instrumentalities for other servants to work with, is not, in the matter of performing that duty, a fellow-servant of such other servants, in the sense that will prevent them recovering from the master for injuries sustained in consequence of negligence of a fellow-servant.

The law applicable to the case was clearly, tersely, and correctly stated by the court in its charge to the jury, which contains the substance of what is in defendant's requests, except the second and third, which are not applicable to the case as made by the evidence. It was right, therefore, to decline to give the requests.

The questions put by plaintiff to the defendant's witness Dr. Coon were proper as a cross-examination. He had testified on direct examination to an opinion that plaintiff will recover "very permanently" from the injury sustained, except a slight lameness. As affecting the value of this opinion as evidence, it was proper to show by the cross-examination that the injury was likely to produce and be followed by certain diseases; such, for instance, as rheumatism, neuralgia, and sciatica. It was proper to ask, as cross-examination, questions tending to this, in order to ascertain what the witness meant by permanent recovery,—whether he meant that the plaintiff would become in every respect as sound and healthy a man as he would have been without the injury, or merely that he would regain the strength and use of the leg.

Order affirmed.