## John Fraser *vs.* Red River Lumber Company.

February 12, 1890.

Master and Servant — Negligence — Sufficiency of Complaint.— The complaint in this case *held* sufficient, upon demurrer, to show that the defendant was negligent in constructing a ladder or "steps" upon and as a part of one of its lumber piles for the use of its employes in going up and down the same, and *prima facie* sufficient to show defendant's responsibility to plaintiff for an injury caused by the defective construction of such ladder or "steps."

Appeal by defendant from an order of the district court for Polk county, *Mills*, J., presiding, overruling its demurrer to the complaint in an action for $2,975 for personal injuries.

*Wilson & Van Derlip*, for appellant.

*Wm. Watts*, for respondent.

Vanderburgh, J. The questions to be determined on this appeal arise upon a demurrer to the complaint for insufficiency. The defendant is alleged to be a corporation engaged in manufacturing and selling lumber, and that by its servants it caused a pile of lumber to be constructed about 20 feet high, and in the course of its erection provided a means of ascent to the top of the pile by extending boards out from the pile in the form of steps or stairs, about 20 inches apart, and "carelessly and negligently," at a place about six feet from the ground, used a board for such purpose which was weak and defective, in consequence of a knot extending across it close to the pile, so that it was wholly unfit for the purpose intended. It is further alleged that on the 27th day of November, 1888, plaintiff was employed for defendant in sorting, scaling, and measuring lumber, and that, in attempting to ascend the pile of lumber in question, in the course of his employment and in pursuance of the orders of the defendant, he stepped upon the defective board referred to, which broke under his weight, and in consequence thereof he fell, and suffered the injuries complained of. The defendant's contention is that it appears on the face of the complaint that the negligent act complained of was that of servants in the common employment, and such as, therefore, the

plaintiff took the risk of while engaged for defendant in such employment, and that, as the latter was not guilty of negligence in the selection of such employes, (which is not suggested,) it has not failed in its duty to the plaintiff. The plaintiff, however, bases his claim to recover upon the ground that the defendant was bound to provide safe "steps" as a way of ascent, if it provided any for him, and that in the arrangement of the boards for such purpose, in the manner alleged, the men so employed *pro hac vice* represented the defendant, and their negligence was that of the master.

The complaint sufficiently shows that the work was done by the authority of the defendant, and the plaintiff, who we may presume knew nothing of the defect complained of, might assume that reasonable care and skill had been exercised in selecting the material and in executing the work; and since his fall is attributed wholly to the defective board, and is alleged to have been without his fault, we may assume that the "steps" were otherwise safe and sufficient for the purpose intended, and that plaintiff was warranted in venturing upon them. Assuming the truth of plaintiff's allegations, we are unable to see, notwithstanding the temporary character of the structure, why the case does not fall within the rule contended for by the plaintiff. It is like the case of a defective ladder or scaffold. *Benzing* v. *Steinway*, 101 N. Y. 547, (5 N. E. Rep. 449;) *The Truro*, 31 Fed. Rep. 158; *Kelly* v. *Erie Telegraph & Telephone Co.*, 34 Minn. 321, (25 N. W. Rep. 706.) The measure of defendant's liability or duty is reasonable care, and the burden rests upon the plaintiff to show a breach of such duty, though it may not be delegated. But the complaint in this instance alleges generally that the work was done carelessly and negligently by defendant. This is sufficient to raise an issue on the question of defendant's negligence. We cannot anticipate what the evidence may develop in respect to the relations between the plaintiff and other employes engaged in the defendant's service, or whether they were or were not so employed in this particular business so as to make them fellow-servants. It is sufficient for the purposes of this appeal that this relation does not appear from the complaint.

Order affirmed.