## TRACY v. WESTERN UNION TEL. CO.

(Circuit Court, W. D. Pennsylvania. July 9, 1901.)

### No. 10.

MASTER AND SERVANT—PLACE TO WORK—MASTER'S DUTY OF INSPECTION.

Under the rule that it is the positive duty of a master to provide a servant with a reasonably safe place in which to work, having regard to the nature of the employment, it is the duty of a telegraph company to see that proper inspection is made of poles which its linemen are required to climb in the course of their duty; and the negligence of a foreman to whom such duty is delegated is the negligence of the company, which renders it liable for an injury to a lineman by the breaking of a decayed pole on which he was at work, the unsafe condition of which would have been discovered by efficient inspection.

Sur Motion by Defendant for a New Trial.

John O. Petty, for plaintiff.

Dalzell, Scott & Gordon, for defendant.

ACHESON, Circuit Judge. The evidence, I think, required the submission of the question of the defendant's alleged negligence to the jury, and was quite sufficient to sustain the verdict. The plaintiff was a lineman in the employ of the defendant, the Western Union Telegraph Company. The duties of a lineman are to climb telegraph poles, and to string wires on the cross-arms, and remove wires therefrom, and do other work thereon. The defendant had occasion to remove part of a line of its wires from four old poles which had been standing for 11 or 12 years to four new poles which had just been set. Before the work of moving the wires began, the

defendant's foreman, Joseph Krotzer, visited the premises and made an inspection. He caused three of the old poles to be guyed, but did nothing with respect to the fourth pole. That pole appeared to the eye to be sound and firm, and the foreman applied no test to determine its condition. The plaintiff was one of a gang of linemen working immediately under another foreman of the defendant (Oscar Long), assigned to the work of removing the wires from these old poles to the new ones. In the course of his employment and in the discharge of his duty as lineman, the plaintiff climbed the fourth pole just mentioned, to assist another lineman in removing the wires from the cross-arms. While thus engaged, the pole suddenly broke, and the plaintiff was thrown to the ground and very badly injured. The cause of the disaster proved to be the rotted condition of the lower end of the pole underneath the surface of the ground. The pole broke off three or four inches under the ground. There was evidence to show that a proper inspection of this pole by the usual test, by means of tools provided for the purpose, would have disclosed that the pole was in an unsafe condition for a lineman to ascend and do his work thereon. The defendant alleged and gave evidence tending to show that, according to the custom and practice in doing such work as this, it is the duty of the lineman to determine for himself the safety of the poles. This the plaintiff denied, and gave evidence tending to show the contrary, and that it is always the practice and business of the foreman to inspect the poles to determine their safety, and that the linemen rely on the foreman's inspection. The court left this disputed question of fact to the determination of the jury, and upon their verdict in favor of the plaintiff it must be accepted as established that the plaintiff was not under the alleged duty, and also that he was not guilty of any contributory negligence, and was free from fault. In its facts the case in hand differs materially from every one of the cases which the defendant's counsel has brought to my attention. I am of opinion that the present case is governed by the principle approved and settled by the supreme court of the United States,—that it is the personal duty of the master to provide his servant with a reasonably safe place to work in, and that the master cannot relieve himself of the responsibility growing out of this positive duty by delegating its performance to another. Hough v. Railroad Co., 100 U. S. 213, 25 L. Ed. 612; Railroad Co. v. Peterson, 162 U. S. 346, 353, 16 Sup. Ct. 843, 40 L. Ed. 994. Speaking of the positive duties which the master owes to the servant, the court in the last-cited case declared:

"He owes the duty to provide such servant with a reasonably safe place to work in, having reference to the character of the employment in which the servant is engaged. * * * If, instead of personally performing these obligations, the master engages another to do them for him, he is liable for the neglect of that other, which in such case is not the neglect of a fellow-servant, no matter what his position as to other matters, but is the neglect of the master to do those things which it is the duty of the master to perform as such."

The neglect in this instance of the defendant's foreman properly to inspect and test the pole, the fall of which while the plaintiff

was doing his work thereon caused the mischief, was the neglect of the defendant. The conclusion which I have reached accords with the decision in the analogous case of Kelly v. Telephone Co., 34 Minn. 321, 25 N. W. 706. And now, July 9, 1901, the motion for a new trial is overruled, and it is ordered that judgment upon the verdict be entered in favor of the plaintiff.