JOHN P. PALMER, Respondent, v. KINLOCH TELEPHONE COMPANY, Appellant.

St. Louis Court of Appeals, December 17, 1901.

1. **Jury:** NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE: ISSUE FOR JURY. Plaintiff was a lineman engaged in descending a telephone pole when he fell by reason of the giving way of a block of wood partly covering one of the iron steps fixed in the pole for the use of employees. The court held that the issues of defendant's negligence by not providing reasonably safe appliances and plaintiff's contributory negligence, were questions for the jury.

2. **Master and Servant:** ORDINARY CARE. It is the duty of a master to exercise ordinary care to provide reasonably safe appliances for use by his employees in the work for which they are engaged, and a breach of that duty is negligence.

3. **Error:** VERDICT: PERSONAL INJURIES. Where no error is assigned in respect to the amount of verdict for personal injuries, the court does not review that subject.

4. **Employee:** RISK ASSUMED BY EMPLOYEE. Under the ruling of the Supreme Court, an employee having a choice between two methods of doing the same work, who choses the more dangerous, assumes the risk involved in that choice. (Moore v. Railway, 146 Mo. 572, followed.)

5. ——: QUESTION OF NEGLIGENCE IS FOR JURY. The question of plaintiff's negligence is for the jury if any other inference than that he was negligent may fairly be drawn from all the facts and circumstances in evidence.

6. Practice, Trial: WAIVER OF EXCEPTIONS: DEMURRER: EVIDENCE. By asking instructions on the issue of plaintiff's negligence as one of fact, defendant does not waive his prior exception to the refusal of his demurrer to the evidence.

7. ——: INSTRUCTION REFUSED, WHEN NOT FOUNDED ON EVIDENCE. An instruction founded on a theory which the facts do not support is properly refused.

8. ——: PROOF, AMOUNT OF. Plaintiff is not bound to prove all the facts recited in his petition but only sufficient thereof to constitute a cause of action.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

AFFIRMED.

*Boyle, Priest & Lehmann* and *Geo. W. Easley* for appellant.

(1) The following facts stand undisputed in the case: (a) That a proper iron step was provided by the defendant for ascending and descending the pole. (b) That the plaintiff used such step in ascending the pole, but through inadvertence or choice used in descending, instead of the step, the block of wood placed there for a wholly different purpose. The defendant can not be deemed guilty of negligence because the plaintiff unnecessarily perverted the use of the block of wood intended for use only to keep the pole from being drawn nearer the house into a step to be used in plaintiff's descent of the pole. Grattis v. Railroad, 153 Mo. loc. cit. 404; Felch v. Allen, 98 Mass. 572; Wood's Master and Servant, p. 889 and note 3. (2) When an employee has the choice of two methods, one safe and the other attended with hazard, and

voluntarily adopts the hazardous one, he can not recover. Moore v. Railroad, 146 Mo. 572; St. Louis Bolt & Iron Co. v. Burke, 12 Ill. App. 369. These facts being established by the evidence offered by the plaintiff, and without any evidence being offered by defendant, there was no disputed question of fact in the case and nothing to be submitted to the jury. The evidence for plaintiff established his contributory negligence, and the demurrer to the evidence should have been sustained. Moore v. Railroad, 146 Mo. 572, and cases cited.

*Carter & Sager* and *J. W. Evans* for respondent.

BARCLAY, J.—We adopt, in the main, the lucid statement submitted by counsel for appellant, making a few changes or additions in minor particulars to complete a full review of the case.

The action is for damages for personal injuries received by plaintiff while in the service of defendant as a lineman.

The petition alleges the relation of the parties and that on the twenty-fourth day of June, 1899, while engaged in the performance of his duties as lineman, the plaintiff ascended a pole on defendant's line and performed the task assigned to him, and in descending the pole one of the steps, which was intended to be used in ascending and descending, had been covered by a block of wood about fifteen inches in length, placed between the pole and an adjacent building, about twenty-one feet above the ground. The block was not fastened in any way and had no support other than resting upon the iron step placed on the pole for the use of persons ascending and descending. Plaintiff, believing said block of wood to be securely fastened, took hold of it with his right hand, which was necessary for him to do in descending said pole, and the said block of wood instantly withdrew from the place where it rested, causing plaintiff to be thrown to the ground and injured.

The amended answer was a general denial and plea of contributory negligence, in that the plaintiff carelessly and unnecessarily took hold of said wooden brace, placed there solely for the purpose of keeping the pole from being thrown nearer to the building, and pulled same laterally out of place.

The reply was a general denial.

The testimony of the plaintiff established the relation of the parties, and that while plaintiff was engaged in stringing a messenger wire, between 9 and 10 o'clock a. m. on June 24, 1899, and when it came his turn to go up this pole, he ascended it and took the rope and passed it over to another employee who was on the opposite side of the pole, and then started to go down the pole, and took hold of the block mentioned in the petition, and it came out of place and precipitated him to the surface of the street, a distance of about twenty and a half feet. He did not remember seeing the block on going up. The block of wood was a piece of timber about two by five inches in size and fifteen inches long, split off on one end. It looked like a piece that might have been cut off a piece of joist, and was placed right on the top of this step, and in order to reach the building it ran at a kind of angle or slant. It was put there to throw the pole out into the alley more. It rested against the house and on the step between the pole and the house, and was against the house. The plaintiff was of the opinion that it did not rest upon the prong or that part of the iron step which was turned up at the outer end. Plaintiff said that it "covered the step," and its location was "where this here step ought to be."

The plaintiff was forty-two years of age at the time of the accident, was in good health and weighed about one hundred and forty pounds. He had been employed as a lineman for the greater part of twenty years, working for different companies, and at the time had on climbers and a safety belt.

The steps upon the pole were substantially in a straight line east and west.

The plaintiff climbed the pole on what he called his "hooks" or "spurs," until he reached a point where the steps began, and then he went to the top. He did not observe this step or block of wood as he ascended. He was above it only three or four minutes; then he came down, and noticed the block immediately, as he placed his hand upon it; not before. He did not observe or remember whether or not, while climbing up the pole, he caught hold of the block of wood.

The plaintiff said that the block of wood could not have been resting upon the turned-up prong; that the block was on the pole in such a position that it naturally escaped the prong and stood out in a slanting position over the iron step. He did not make examination to discover whether the block of wood was fastened or not—"took for granted that the pole was secure." There was no trouble with the iron step; the block was not nailed or otherwise fastened in place, except by the pressure at the ends of it.

The testimony of Mr. R. C. Smith was to the effect that the iron step extended out from the pole four and one-half to five inches, but he did not see what caused the plaintiff to fall, and did not see him until he was falling. He said that the block of wood could not have been "right on" top of that part of the step which sticks or turns up, but that the marks on the pole and house showed where the block of wood was, right above the step, or top of the step. It was laid on top of the step the way the marks show, but he did not see the stick or block of wood there. The stick or block of wood laid "flatways."

John Ragan, introduced by the plaintiff, testified that he was a lineman of fifteen years' experience. He saw plaintiff fall and the piece of timber or block of wood come out of position; the block of wood was right on top of the step, and it was put there to keep the pole from the building.

Dr. Louis H. Davis, a physician, testified to the plain-

tiff's injuries.   The plaintiff put in evidence an American table of mortality, and rested his case.

Thereupon the counsel for the defendant offered and asked the court to give an instruction in the nature of a demurrer to the evidence, which was refused.

Defendant offered no testimony.

The plaintiff then offered and the court gave the following instructions:

"1.   You are instructed that the law imposes upon the defendant the duty to use ordinary care to provide reasonably safe places and appliances for the use of its employees, and that when it calls upon its employees to ascend and descend poles, it is defendant's duty to use ordinary care to provide such means as are reasonably safe and secure for the use of its employees, and that any failure to comply with this duty is negligence in law.

"2.   You are instructed that if you find defendant was guilty of negligence in failing to provide a reasonably safe place for plaintiff to ascend and descend its pole, by reason of which plaintiff sustained his injuries, and that plaintiff was not guilty of a want of ordinary care and caution in descending said pole, then your verdict will be for plaintiff, provided you find that he sustained his injuries by reason of defendant's negligence.

"3.   Prudence, caution and care in this case means that degree of prudence, caution and care which a man of ordinary intelligence and discretion should exercise in the kind of employment plaintiff was engaged in, and you are to take into consideration the risk of the work and the requirements of the employment as disclosed by the evidence.

"4.   If under the evidence and the instructions of the court you find the issues in this cause in favor of plaintiff, the damage which you shall award him shall be compensatory only, and should not exceed the amount prayed in his petition, to-wit, $20,000.   You will also take into consideration in

estimating his damages, if any, his diminished capacity for earning money, if you so believe from the evidence, and on account thereof make him such allowance as you may believe from the evidence he has sustained in the past by reason thereof, and for any loss you may believe from the evidence he may sustain in his future earning by reason of such diminished capacity as may be occasioned by his injury."

Counsel for defendant asked and the court gave the following instruction:

"4. If the jury find from the evidence that the plaintiff saw, or in the exercise of reasonable care would have seen the block or brace in question, then he was bound before he relied upon it in descending the pole to ascertain whether or not it was secured so that it could be safely used by him, if in the exercise of reasonable care he could have done so; and failing to do this he was guilty of negligence, and your verdict should be for the defendant."

Counsel for the defendant offered and asked the court to give further instructions as follows, to wit:

"1. If the jury find from the evidence that the pole in question was furnished with iron rods or steps commencing twelve feet from the surface of the ground and reaching to the arms supporting the wires, and if the jury find from the evidence that the plaintiff could safely use these iron rods or steps in descending the pole, then he assumed the risk incident to the use of the block or brace complained of by him, and even though it was not fastened to the pole or building, your verdict should be for the defendant.

"2. Although the jury may find that the brace or block complained of was not made secure to the pole or building, yet if they further find that such brace or block was not placed where it was for use by linemen in ascending and descending the pole, then the plaintiff had no right to make use of it, as he claimed to have done, and your verdict must be for the defendant.

"3. It was the duty of the plaintiff, if he wished to make use of the brace or block in ascending or descending the pole, to ascertain whether it was securely fastened; and if he failed to do so, he was guilty of negligence and your verdict should be for the defendant."

But these instructions the court refused: and defendant duly saved exceptions to the adverse rulings on the instructions and on the other points reviewed.

The jury returned a verdict for the plaintiff in the sum of $3,000; and after the usual steps defendant took and perfected this appeal.

I. The first error suggested is that the undisputed facts show contributory negligence on the part of the plaintiff in perverting the block of wood into a use for which it was not intended. The contention is that plaintiff had a choice of two methods of passing the point which proved dangerous in descending the pole; one by way of the step, and the other by utilizing as a step the block of wood; and that as he adopted the latter and more dangerous course, he took the risk involved in that choice under the decision in Moore v. Railway, 146 Mo. 572.

The only testimony, however, on this point is that the block was in such a position as to interfere with the use of the step which it effectually covered. The "prong" (the name given by the plaintiff to the vertical outer part of the step, about one inch long) of the step was, indeed, free; but the block covered so much of the space immediately above the step as to preclude free passage over the step. According to plaintiff's story, the block was "right on top of" the step, "where the step ought to be," though it ran from the pole toward the house at such an angle as not to cover the outer end of the step where the "prong" was. As plaintiff descended the pole he encountered the block of wood in the place of the step. In endeavoring to pass over it the block gave

way, and he fell to the ground in consequence. On these facts (which are not contradicted) the question whether plaintiff was negligent was one of fact for the jury.

If any other inference than that of plaintiff's contributory negligence "may be fairly drawn from all the evidence and the facts and circumstances shown to exist, then the question becomes one of fact for the jury." Weller v. Railway, 120 Mo. 649. This is familiar law in Missouri.

The issue of negligence on plaintiff's part was submitted to the jury as one of fact by the instruction given at the instance of defendant after the court had declined to hold that plaintiff was negligent as a matter of law. By asking the instruction which was given submitting that question of fact, defendant did not waive its right to review the prior refusal to hold as requested by its said instruction in the nature of a demurrer to the evidence. Tobin v. Railroad, 18 S. W. 996; Barker v. Railroad, 126 Mo. 143.

On the merits of the case as now presented we are of opinion that the question of plaintiff's alleged contributory negligence was properly left to the jury. They found that he was not negligent. We see no error of law in that finding.

II. It is next contended that the instructions for plaintiff should have required a finding that it was necessary for plaintiff to take hold of the block of wood in descending the pole, because that fact was charged in the petition, and an issue was raised thereon by the answer.

The allegations in the petition on this point are as follows: "That this plaintiff had performed the task assigned him as his duties required in stringing wires, and was in the act of descending said pole, and the step which was intended to be used in ascending and descending having been covered by the block aforesaid, placed there by the defendant, and plaintiff, believing that said block was permanently and securely fastened by the defendant in its said position, in the exercise of ordinary and due care, took hold of said block with

his right hand, which was necessary for him to do in order to properly and safely descend from his position where he was at work in the performance of his regular duties for the defendant, and when he took hold of said block of wood, the same instantly withdrew from the place where it was resting, causing plaintiff to be thrown off his balance, and fall to the stone pavement beneath."

There was no testimony before the court to prove that plaintiff could use the step in question (with the block of wood covering it as described) otherwise than as he did; while there was positive evidence that the block was in a position where a lineman descending the pole was likely to use it as a substitute for a step to give him support at that point.

In that condition of the case, defendant's first refused instruction lacked the essential facts on which to base it. The jury had no ground to find "that the plaintiff could safely use these iron rods or steps in descending the pole," as called for by that instruction.

The whole evidence gives no basis for an inference that the iron step could be used as a foothold by the lineman, Palmer, with the block in the position described by all the witnesses.

An instruction should not be given which calls for facts not in evidence.   O'Fallon v. Boisemenu, 3 Mo. 405; McAtee v. Valandingham, 75 Mo. App. 45.

It was not essential for plaintiff to prove every fact recited in his petition, but only sufficient facts alleged to constitute a cause of action.

If the block was in the position described in the petition, where it was likely to be used as a substitute for a mounting-step on the pole, by a lineman exercising ordinary care in the cirumstances described, and the want of reasonable care charged against defendant was established, the plaintiff should not fail of a recovery because the jury did not expressly find that the use of the block by plaintiff was necessary.   There

was no proof that its use was not necessary, and there was no proof that plaintiff could safely use the step without regard to the block which covered it.

The whole testimony showed that the use of some adequate support at that point was necessary to the safe movement of a lineman engaged in the hazardous occupation of the plaintiff. The proof was clear that the block was not nailed or fastened in any manner. It gave way as soon as plaintiff's weight bore upon it, and he fell to the ground in consequence.

It is the master's duty to exercise ordinary care to provide reasonably safe appliances for use by his employees in the work for which they are engaged, and a breach of that duty is negligence. Tracy v. Tel. Co. (1901), 110 Fed. 103.

The block in question was so placed as to appear to be suitable for use as a support to the plaintiff in lieu of the step which it covered. Defendant should reasonably have anticipated that it would be so used. To leave the block so adjusted as to seem a safe support when in fact it was not, in the circumstances described, was evidence of defendant's neglect to perform the duty of reasonable care for the safety of the plaintiff in the dangerous service in which he was engaged.

In the instructions defining defendant's duty in this case no error has been pointed out. The jury found against the defendant on the issue of its negligence, and found that plaintiff had acted with due care on his part.

III. No error has been assigned on the amount of damages ($3,000) awarded by the jury to plaintiff, whose injuries were of a serious and permanent nature.

The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.