WESTERN UNION TEL. CO. v. TRACY.

(Circuit Court of Appeals, Third Circuit. February 20, 1902.)

1. MASTER AND SERVANT—INJURY TO SERVANT—DUTY OF INSPECTION.

In an action by a lineman against a telegraph company to recover for an injury sustained by plaintiff by reason of the breaking of a pole upon which he was working, which was decayed below the surface of the ground, it was not error of which defendant can complain to submit to the jury the question whether, by the custom and practice in that kind of work, the duty of inspecting the pole rested upon the foreman or the plaintiff, and to make defendant's liability dependent upon whether the duty was that of the foreman, where the evidence as to the custom was conflicting, but it was shown that a proper inspection would have disclosed the defect.

2. SAME—PLACE TO WORK—RESPONSIBILITY OF MASTER.

The duty of inspecting a telegraph pole before a lineman climbs it to work thereon, if not that of the lineman himself, is the positive duty of the master which is responsible for the failure to have such inspection made, notwithstanding it has engaged another, however competent, to perform the duty.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

For opinion below, see 110 Fed. 103.

Wm. D. Dalzell, for plaintiff in error.

John O. Petty, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and KIRKPAT-RICK, District Judge.

DALLAS, Circuit Judge. This writ of error has brought up for review the record of an action which was instituted by the defendant in error against the plaintiff in error to recover for personal hurt which the plaintiff had suffered while engaged at his work as a servant of the defendant, and which he alleged was caused by its negligence. The case as presented in the circuit court, and the general view of the learned judge of that court with respect to it, are so clearly and well set forth in the opinion which he filed in overruling the motion for a new trial as to render it unnecessary for us to preface the statement of our conclusions upon the questions of law which have been raised in this court otherwise than by extracting from that opinion the following:

"The plaintiff was a lineman in the employ of the defendant, the Western Union Telegraph Company. The duties of a lineman are to climb telegraph poles and to string wires on the cross arms, and remove wires therefrom and do other work thereon. The defendant had occasion to remove part of a line of its wires from four old poles, which had been standing for eleven or twelve years, to four new poles, which had just been set. Before the work of moving the wires began the defendant's foreman (Joseph Krotzer) visited the premises and made an inspection. He caused three of the old poles to be guyed, but did nothing with respect to the fourth pole. That pole appeared to the eye to be sound and firm, and the foreman applied no test to determine its condition. The plaintiff was one of a gang of linemen working immediately under another foreman of the defendant (Oscar Long), assigned to the work of removing the wires from these old poles to the new ones. In the course of his employment and in the discharge of his duty as lineman

the plaintiff climbed the fourth pole, just mentioned, to assist another lineman in removing the wires from the cross arms. While thus engaged the pole suddenly broke, and the plaintiff was thrown to the ground and very badly injured. The cause of the disaster proved to be the rotten condition of the lower end of the pole underneath the surface of the ground. The pole broke off three or four inches under the ground. There was evidence to show that a proper inspection of this pole by the usual test, by means of tools provided for the purpose, would have disclosed that the pole was in an unsafe condition for a lineman to ascend and do his work thereon. The defendant alleged and gave evidence tending to show that, according to the custom and practice in doing such work as this, it is the duty of the lineman to determine for himself the safety of the poles. This the plaintiff denied, and gave evidence tending to show the contrary, and that it is always the practice and business of the foreman to inspect the poles to determine their safety, and that the linemen rely on the foreman's inspection. The court left this disputed question of fact to the determination of the jury, and upon their verdict in favor of the plaintiff it must be accepted as established that the plaintiff was not under the alleged duty, and also that he was not guilty of any contributory negligence and was free from fault."

The only averments of error are that the court below erred in its disaffirmance of the four points which were presented for the defendant and in its answers to those points, in that it declined to give binding instructions in favor of the defendant, or to charge that there was not sufficient evidence to justify the jury in finding that any negligence of the defendant was the proximate cause of the plaintiff's injury, in that the learned judge submitted to the jury, for determination from all the evidence, the question whether or not the injuries to the plaintiff resulted from a latent defect which was one of the ordinary risks of his employment; and, finally, in that he refused to charge "that if the jury believed from the evidence that the defendant had a competent foreman in charge of the work, and that the foreman and the plaintiff were furnished with proper tools and appliances with which the pole could have been adequately tested, and, if any weakness was discoverable, secured, then the defendant was not guilty of any negligence which was the approximate cause of the plaintiff's injuries." None of these averments can be sustained. That the case was not one which the court would have been warranted in taking from the jury, unless upon the ground either that inspection of the pole was not a part of the foreman's duty, or (if it was) that the defendant was not responsible for the foreman's failure to discharge that duty, is too clear for argument, and that these subjects were dealt with in a manner as favorable to the defendant as was at all possible we are entirely satisfied. It is not necessary to decide whether, by reason of the company's legal obligation to exercise ordinary care to provide a reasonably safe place and appliances for its employés, it was not unconditionally bound to look to the safety of the pole upon which the plaintiff was required to work; for it was not ruled that the defendant's responsibility was conclusively fixed by this general rule of law, but that it depended upon whether, as matter of fact, the custom in doing such work was for the foreman to inspect the poles, or for the linemen themselves to inspect them. Upon this question the testimony was conflicting, and it was submitted to the jury with the statement that "if, according to the custom and practice in this kind of work, the duty of inspecting the poles is upon the lineman, and not upon the foreman, it would follow

that the company here would not be responsible for this disaster." In our opinion, the court, in thus holding that the company was but provisionally responsible, and in leaving it to the jury to find whether the practice was such as to make it absolutely so, went quite as far as could be justified in restriction of the defendant's liability.

Upon the remaining point the law is well settled. The duty of inspection, if not that of the linemen,—and the jury has found that it was not,—was the positive duty of the company itself, and it was responsible for its nonperformance, notwithstanding the fact that it had engaged another, however competent, to perform it. Hough v. Railway Co., 100 U. S. 213, 25 L. Ed. 612; Railroad Co. v. Peterson, 162 U. S. 346, 16 Sup. Ct. 843, 40 L. Ed. 994.

The judgment of the circuit court is affirmed.