## CUMBERLAND TELEPHONE & TELEGRAPH CO. v. BILLS.

(Circuit Court of Appeals, Sixth Circuit. March 16, 1904.)

No. 1,241.

1. MASTER AND SERVANT—DUTY TO WARN INEXPERIENCED SERVANT OF DANGERS OF SERVICE—INSPECTION OF TELEPHONE POLES.

In an action by a lineman against a telephone company, by which he was employed, to recover for an injury received by the breaking and falling of a decayed pole on which he was placing a cross-arm, it appeared that he had worked at such employment for less than a year, and only in defendant's service, and that the line on which he was working was an old one, the poles having been set for 11 years. There was evidence tending to show that plaintiff had not been warned of the danger, nor instructed to inspect the poles before climbing them, and that he was preceded by the foreman and another whose duty it was, under the rules of the company, to make the inspection, but that they did not do so. Held, that a positive duty rested on defendant both to warn plaintiff and to require an inspection, and, the evidence being in conflict as to the performance of such duties, both questions were properly submitted to the jury.

2. Same—Fellow Servants—Foreman Charged with Master's Duty of Inspection.

Where the duty of inspecting telephone poles before a lineman climbs the same is delegated by the company to a foreman, he is not a fellow servant of a lineman in that regard, but a vice principal, and the company is liable to the lineman for an injury due to the failure of the foreman to perform the duty of inspection.

In Error to the Circuit Court of the United States for the Western District of Tennessee.

Hays & Biggs (Wm. L. Granberry, of counsel), for plaintiff in error.

Hunter Wilson, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge, delivered the opinion of the court.

This was a suit to recover damages for personal injuries claimed to have been caused by the negligence of the defendant below. The plaintiff was a lineman in the employ of the telephone company, and was severely injured by the breaking of a pole which he had climbed for the purpose of putting on a cross-arm and transferring two wires from brackets to this cross-arm. The case went to the jury, and a verdict and judgment was rendered for $2,000. It is claimed the court erred in refusing to instruct the jury to find for the defendant, in denying certain requests to charge, and in charging as it did.

The plaintiff, Bills, had been employed by the company about a year, first as a groundman, and then as a lineman. He had never worked for any other telephone company. On the day of the accident, along with three other men, Atkins, Allen, and Barnett, all in charge of Scruggs, the foreman, he was doing work on the Lexington Line, about one mile east of Jackson, Tenn. The gang was engaged in cross-arming the route, that is, placing cross-arms on the poles, and transferring the wires from brackets to the cross-arms; also, incidentally, in placing new poles where the spans were too great, and in resetting or replacing defective poles. In doing this work, the foreman and Atkins, another lineman, preceded the plaintiff. Atkins climbed the pole which subsequently broke, boring a hole and cutting a place for the cross-arm, before the plaintiff reached it. Atkins testified he "kind of shook" the pole before he climbed it. The plaintiff saw him on the pole, and there was no indication that it was unsound. The plaintiff testified that before climbing the pole he tried it by throwing his weight against it. The pole was about 25 feet high. The plaintiff had put the cross-arm on, but had not completed his work when the pole broke, about an inch under the ground, and fell, seriously injuring him. An examination of the pole showed it had rotted through just below the ground. The pole was of chestnut wood

¶ 2. Who are fellow servants, see note to Northern Pac. Co. v. Smith, 8 C. C. A. 668; Canadian Pac. Ry. Co. v. Johnston, 9 C. C. A. 596; Flippin v. Kimball, 31 C. C. A. 286.

See Master and Servant, vol. 34, Cent. Dig. §§ 406, 465.

and an old one, the telephone line having been up about 11 years. There was testimony tending to show that the ordinary life of a chestnut pole is between 6 and 10 years.

On behalf of the plaintiff, testimony was introduced tending to show that the company knew the age of the pole, while the plaintiff did not. That the company might have ascertained the rotten and dangerous condition of the pole by a reasonable inspection, but did not inspect it, although, under the custom and usage of the company, it was the duty of the foreman to inspect the poles. That the plaintiff was never instructed by the company to inspect the poles, and did not inspect this one, because he relied upon the foreman doing his duty. On the other hand, testimony introduced by the company tended to show that the plaintiff had been told that the line was an old one, and cautioned carefully to inspect the poles before climbing them; also, that he had been instructed to transfer the wires one at a time, and that his failure to do so caused the fall of the pole; but it was a disputed question upon the evidence whether he was so instructed, and whether he loosened both wires from the bracket before attaching either to the cross-arm.

The defendant below asked the court to direct the jury to return a verdict for the defendant, and in separate special charges to instruct the jury that the plaintiff could not recover, because: (1) The risk of the pole breaking was one which he assumed when he entered the employ of the company as lineman; (2) the alleged negligence of the foreman in not testing or inspecting the pole was that of a fellow servant; (3) the plaintiff was guilty of contributory negligence in not himself testing the pole; (4) the plaintiff was guilty of contributory negligence in removing both wires from the bracket before attaching either to the cross-arm. In view of the conflict of testimony referred to, the court declined to do this, leaving the jury to determine the disputed questions of fact, and instructing them that if they found it was the duty of the foreman, under the custom and usage of the company, to inspect the poles, a failure on his part to do so would constitute negligence for which the company would be liable.

These were proper questions to be left to the jury. This was not the case of an experienced lineman, working alone, where, upon the undisputed testimony, it was not only customary, but necessary, for him to inspect a pole before climbing it; in other words, the case of an employé to whom the company owed no duty either in the way of instruction or inspection. McIsaac v. Northampton Electric, etc., Co., 172 Mass. 89, 51 N. E. 524, 70 Am. St. Rep. 244; McGorty v. Southern New Eng. Tel. Co., 69 Conn. 635, 38 Atl. 359, 61 Am. St. Rep. 62. Plaintiff had worked for this company about a year, and for no other. All his training and instruction he got from it. Now, one of the positive duties of an employer conducting a dangerous occupation is to warn the inexperienced employé of the hidden hazards of the work, so he may not needlessly expose himself to danger. If, as plaintiff claimed, the company failed properly to warn and caution him, and for this reason he climbed the pole without testing it, as he otherwise would, this was the neglect of a positive duty, for which the company is responsible. L. & N. R. R. Co. v. Miller, 104

Fed. 124, 43 C. C. A. 436; Felton v. Girardy, 104 Fed. 127, 43 C. C. A. 439.

So, too, with respect to the duty of furnishing a reasonably safe place for its employés to work. If the telephone company, by not instructing the linemen to inspect, assumed the duty itself of seeing that the poles were safe to work on, this was a positive duty. The company could not escape the obligation by delegating the duty to the foreman or any one else. If the duty of inspection rested upon the foreman, the foreman was not a fellow servant, but a vice principal, and the company is responsible for his neglect. Hough v. R. R. Co., 100 U. S. 213, 25 L. Ed. 612; Western Union Telegraph Company v. Tracy, 114 Fed. 282, 52 C. C. A. 168; Railroad Co. v. Peterson, 162 U. S. 346, 16 Sup. Ct. 843, 40 L. Ed. 994; Western Union Telegraph Company v. Burgess, 108 Fed. 26, 47 C. C. A. 168; Kelly v. Erie Telegraph & Telephone Co., 34 Minn. 321, 25 N. W. 706.

As to the question whether the plaintiff was or was not guilty of contributory negligence, that, too, was properly left to the jury. It was a disputed question whether the plaintiff was instructed to transfer the wires one at a time from the brackets to the cross-arm, and whether he had actually fastened the wires to the cross-arm before the pole fell.

The judgment of the lower court is affirmed.