GORTZ v. RAVENEL

(121 S. E., 369)

1. **APPEAL AND ERROR—ADMISSION OF EVIDENCE THAT WAS LATER STRICKEN OUT HELD NOT REVERSIBLE ERROR.**—In an automobile collision accident, the admission of evidence concerning liability insurance and conversations concerning a compromise, which was later stricken out and the jury instructed to disregard it, *held* not reversible error.·

2. **APPEAL AND ERROR—ERRONEOUS INSTRUCTION AS TO CONTRIBUTORY NEGLIGENCE HELD HARMLESS IN VIEW OF AWARD OF PUNITIVE DAMAGES.**—In an automobile collision action, an erroneous instruction regarding contributory negligence *held* harmless, in view of the jury's finding of actual and punitive damages.

3. **NEGLIGENCE—CONTRIBUTORY NEGLIGENCE NO DEFENSE TO WANTONNESS.**—Contributory negligence is no defense to wantonness.

Before RICE, J., Charleston, 1923. Affirmed.

Action by C. F. Gortz against Frank Ravenel. Judgment for plaintiff and defendant appeals.

*Messrs. Logan & Grace* and *John I. Cosgrove,* for appellant, cite: *Error to admit testimony that defendant was protected by indemnity insurance:* 118 S. E., 802; 113 S. E., 118; 92 S. C., 236. *Offers of compromise incompetent:* 108 S. C., 198; 89 S. C., 286; 84 S. C., 192; 209 Pac., 977. *Rule of Court sufficient to take testimony from the jury:* 117 S. C., 51. *Contributory negligence:* 56 S. C., 95; 61 S. C., 83.

*Mr. J. A. Patla,* for respondent, cites: *Statements by defendant admissible as admissions even though they made some reference to settlement:* 22 L. R. A., 763; 19 S. C., 95. *Directions of judge to disregard testimony sufficient:* 94 S. C., 145. *Charge as a whole correct:* 103 S. C., 47. *Opportunity given to defendant to except to charge and failing to do so he cannot now complain:* 117 S. E., 590; 107 S. C., 216. *Verdict responsive to testimony:* 109 S. C., 245; 98 S. C., 262.

January 14, 1924.

Petition for rehearing dismissed February 11, 1924.

The opinion of the Court was delivered by Mr. Justice Watts.

"This is an appeal from a judgment entered upon a verdict in favor of the above-named respondent in the sum of $2,400.

"The injuries to plaintiff for which damages are claimed arose out of a collision between an automobile in which plaintiff was riding and one driven at the time by defendant. The accident ,occurred on the Meeting Street Road outside of the City of Charleston about 12:30 a. m. on June 9, 1920.

"The appeal involves errors in the admission of prejudicial testimony relating to offers of compromise by defendant; relating also to statements by him that he carried insurance on the automobile which caused the alleged injuries to plaintiff; and, in addition, erroneous and prejudicial instructions to the jury."

There are three exceptions. Exceptions I and II allege error in the admission, over objection of defendant, of testimony of plaintiff's witness C. O. Thompson, regarding offers of compromise made by the defendant, and that he carried insurance on the automobile. Those exceptions are overruled. His Honor ruled that the question of compromise was incompetent; and as to the insurance on the automobile, he instructed the jury to disregard it; the objection of defendant's counsel to the Court was "on the ground that any conversation as to compromise is not admissible." The record shows that the testimony objected to by the defendant was admitted, but was immediately stricken out, and the jury then and there were instructed that the reference to insurance had nothing to do with the case, and that they should not pay any attention to the statements regarding compromise.

The third exception alleges error on the part of his Honor in his definition of contributory negligence.

His Honor's definition was faulty, but harmless in view of the fact that the jury's verdict was for both actual and punitive damages, and contributory negligence is no defense to wantonness.

All exceptions are overruled, and judgment affirmed.

MR. CHIEF JUSTICE GARY concurs.

MR. JUSTICE MARION (concurring): The testimony of the witness Thompson related to an alleged statement made by Ravenel, the defendant, in regard to paying for injury to Thompson's car, and not to any settlement of the plaintiff Gortz's claim against Ravenel. The testimony came out in response to a general question that was entirely proper. After it was out the only objection made was that "any conversation as to compromise is inadmissible." In that situation, I am unable to perceive any valid ground upon which the Court's action in striking out and instructing the jury to disregard the testimony may be pronounced error.

MR. JUSTICE FRASER (dissenting): I cannot concur in the opinion of Mr. Justice Watts.

The testimony as to indemnity insurance was clearly inadmissible, and I think prejudicial. I do not think the direction of the judge to disregard the testimony cures the defect. The temptation to let the jury know that one of our own people will not suffer from their verdict is very great, and the only way to control the situation is to let the parties know that a deliberate violation of the rule will do them no good. When to this is added testimony of a talk of compromise, it tends to convince the jury that the defendant himself admits liability, and is indifferent as to the result, the prejudicial error is complete.

For these reasons I dissent.

MR. JUSTICE COTHRAN: I concur. I think that the third exception also should be sustained.