## SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY *v.* STARNES.

The plaintiff having been injured by falling from the cross-arm of a telephone pole which he climbed to repair the wires, and it appearing from his petition, that the defect in the cross-arm, if any existed, was *concealed* by paint. and that he, after " carefully examining and testing " the cross-arm, could not discover the defect before putting his weight on the cross-arm, the petition sets forth no cause of action, notwithstanding it was alleged that the defendant was notified of the defective condition of the poles and cross-arms in the locality where the plaintiff was hurt, and that it failed to warn the plaintiff of the defect, there being no allegation that the defendant actually knew of the particular defect which was claimed to have caused the injury.

Argued March 8,—Decided March 25, 1905.

Action for damages. Before Judge Daley. Washington superior court. September 7, 1904.

Starnes sued the Telephone Company for damages, alleging, in substance, as follows: The plaintiff was employed by the defendant as a telephone lineman, his duties being to assist in the construction and repairing of lines, erecting poles, stringing wires, etc. He was ordered by the defendant's manager to replace certain wires upon the cross-arm of one of its telephone poles, which wires had been misplaced by the burning of certain telephone poles at that point. This work being in the regular course of his duties, and not being obviously hazardous and dangerous, the plaintiff proceeded to climb the pole for the purpose of replacing the wires. As soon as he reached the cross-arm he found that

the wires that needed replacing were near the end of the arm, and that, in order to untangle and replace the wires, it would be necessary to place his weight on the cross-arm, "and after carefully examining and testing same, and finding no apparent defects, the said cross-arm being painted and apparently sound, petitioner placed his weight thereon, and without any fault whatever on part of petitioner the said cross-arm broke," and petitioner fell, sustaining severe injuries. The cross-arm was rotten, "the paint thereon concealing said defect from petitioner," and the cross-arm was not of sufficient strength and was unfit for the purpose used and intended, all of which was known or should have been known to the defendant. The defendant, unknown to the plaintiff, had been repeatedly notified and warned of the defective condition of the poles and cross-arms of the company in the town where the injury occurred, before the happening of the injury, and had failed and refused to repair the defects or to notify the plaintiff thereof. The plaintiff used all ordinary care and caution, and could not have untangled and replaced the wires without putting himself in the position from which he fell, and the injury was the result of the wilful and gross negligence of the defendant. By amendment it was alleged: The plaintiff had been in the employment of the defendant about two months before the injury, and the defendant had owned the wires, poles, etc., about six months, and had maintained them in their defective condition for that time, and the plaintiff had nothing to do with the erection or repairing of the cross-arms or poles during that time. During the time of his employment the plaintiff had nothing to do with the erection or repairing of the poles, cross-arms, etc., except as ordered by the defendant's superintendent, and therefore the plaintiff did not have as good an opportunity as the defendant had to know of the defective condition of the cross-arm from which he fell. The cross-arm was in this defective condition for at least three or four months prior to the accident. The defendant gave him no notice of the dangerous condition of the cross-arm, and this was in itself negligence. General and special demurrers to the petition were overruled, and the defendant excepted.

*Osborne & Lawrence,* for plaintiff in error.
*Hardwick & Hyman,* contra.

COBB, J.   It is to be observed that the petition nowhere alleges that the defendant had actual knowledge of the defective condition of the cross-arm, but alleges simply that by reason of the facts set out it ought to have known of it, and was negligent in not discovering its defective condition.   The allegation that the defendant knew or ought to have known will be construed most strongly against the plaintiff, to mean simply that it was the defendant's duty to know.   *Babcock Lumber Co.* v. *Johnson*, 120 *Ga.* 1030 (6).   An averment that the defendant had been notified of the defective condition of the poles and cross-arms in the town where the plaintiff was employed to work is not equivalent to an allegation that it knew of the defect in the particular cross-arm which caused the injury.   We have no difficulty in reaching the conclusion that the court erred in overruling the general demurrer.   The code provides that in suits by a servant against a master for injuries received from the use of defective machinery, "it must appear that the servant injured did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof."   Civil Code, § 2612. The code also provides that "if there are latent defects in machinery, or dangers incident to an employment, unknown to the servant, of which the master knows, or ought to know, he must give the servant warning in respect thereto."   Civil Code, § 2611. The plaintiff evidently seeks by his allegations to bring himself within this rule.   But, as before observed, he does not allege that the defendant had actual knowledge of the defective condition of the cross-arm.   If this had been alleged, the defect being a latent one, it would clearly have been the duty of the master to give the servant warning.   In its last analysis, the petition simply means that on account of the long time that this defect had existed, and on account of the further fact that the defendant had been warned of the defective condition of its poles, cross-arms, etc., in the town in which the plaintiff was hurt, it ought to have discovered this particular defect.   But the plaintiff distinctly alleged that the defect was concealed by paint, and that he did not go upon the cross-arm until after "carefully examining and testing" it, such examination and test failing to result in a discovery of the defect.   Under the allegations of the petition the defect was one which could not be discovered by a "careful examination and

test." The plaintiff would never have known of it if the cross-arm had not broken; and if he could not discover it by a careful examination, there is no reason to suppose that the master could have done so. Careful examination and test in such a case is all that ordinary and reasonable care would require. The case is similar to that of *Baxley* v. *Satilla Manufacturing Company*, 114 *Ga.* 722. There the plaintiff was injured by the breaking of an iron bolt which had in it a concealed defect. It was held that the fact that the bolt broke was not sufficient to remove the presumption that the master had furnished a safe appliance, the defect being of such a character that the master could not by the exercise of ordinary care have discovered it; and that the servant having an equal means with the master of discovering the defect, he could not recover. See also *Atlantic & Birmingham R. Co.* v. *Reynolds*, 117 *Ga.* 47, 53, where this rule of the code was applied in a case where the plaintiff was injured by the falling of a telephone pole which he had climbed to repair the wires, and which he alleged fell because it was not placed a sufficient depth in the ground. See also Hopkins' Per. Inj. § 285 et seq. Without discussing the question further, we think it clear that the petition set forth no cause of action, and that the court erred in overruling the general demurrer.

*Judgment reversed. All the Justices concur.*