## SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY *v.* COVINGTON.

FISH, C. J.  1. If a telephone company erects a telephone pole, and negligently sets it in the ground too short a distance, and by reason thereof one of its linemen engaged in stretching wires upon it, in the exercise of ordinary care, and without knowledge or equal opportunity with the company to know of the improper construction, is injured by the falling of the pole, he may recover damages in an action against the company.

2. If a telephone company purchases or acquires from another a permanent structure, such as a pole already erected, for the carrying on of its business, and thereafter puts its lineman to work thereon stretching wires, the company is not liable to such servant on account of injuries sustained by him by reason of a latent defect arising from the pole having been placed too short a distance in the ground, if the company has exercised ordinary and reasonable care to detect the defect, and has failed to do so.  *Atlantic & Birmingham R. Co.* v. *Reynolds,* 117 *Ga.* 47 (43 S. E. 456).

(a) If a master constantly uses an instrumentality in his business, and so deals with it as to practically adopt it as his own, he becomes, relatively to a servant injured thereby, the owner, and is under the same duty to the servant as if he were the owner.  *Central Ry. Co.* v. *McClifford,* 120 *Ga.* 90 (47 S. E. 590).

3. In a suit to recover damages on account of a personal injury, brought by a servant against his master, where the right of recovery is dependent upon the negligence of the master in failing to inspect premises or structures, and where the duty to represent the master in such inspection is upon the injured servant, he can not recover for his failure to inspect.  *Stewart* v. *Savannah Electric Co.,* 133 *Ga.* 10 (65 S. E. 110, 17 Ann. Cas. 1085).

4. If a telephone pole is negligently erected, by reason of having its lower end inserted too short a distance in the ground, and a lineman while engaged in stretching wires on the pole is injured, and the defect is latent and not known to him or discoverable by him by the use of ordinary care in the discharge of the duties imposed on him, a rule of the company that linemen must inspect poles before climbing them would not necessarily debar the servant from recovering from the master.  The nature of the servant's duties, the exigencies thereof, the opportunity on his part for discovering the defect, and the knowledge or opportunity for knowing by the master, as disclosed by the evidence, are elements for consideration.  1 Labatt on Master and Servant, § 416, and citations.

(*a*) On the general subject of injuries to servants of a telephone company while engaged in working on poles, where the defect in the pole is from decay, or the like, or where it is structural, see Kelly v. Erie Telegraph etc. Co., 34 Minn. 321 (25 N. W. 706, and note); Ault v. Nebraska Telephone Co., 82 Neb. 434 (118 N. W. 73, 130 Am. St. R. 686); Terrell v. City of Washington, 158 N. C. 281 (73 S. E. 888); Note to Lynch v. Saginaw Valley etc. Co., 21 L. R. A. (N. S.) 774 et seq.; *Southern Bell Telephone etc. Co.* v. *Starnes*, 122 *Ga.* 602 (50 S. E. 343).

5. A sufficient foundation was laid for the introduction of secondary evidence as to the contents of a letter from the manager of the defendant company to the plaintiff in regard to the exchange limit.

6. Where a written contract between a telephone company operating wires in a town and a private person living in the country provided for connecting the defendant's wires with the private line at "the exchange limit," but did not show where the exchange limit was, parol evidence was admissible to locate it, so as to show whether a particular telephone pole where an injury occurred was within or without the limit.

7. It is not proper practice to permit counsel, in examining an expert witness, to ask him whether he has heard the evidence delivered from the stand, and what is his opinion, based on such evidence. But in the present case counsel stated certain hypothetical facts, and asked the opinion of a medical witness as to whether the latter thought therefrom that an injury was permanent. While it would have been better to have eliminated any reference in the question as to a witness having heard the evidence of the plaintiff, under the facts of the case the form of the question will not necessitate a new trial. *Choice* v. *State*, 31 *Ga.* 424, 468; *Flanagan* v. *State*, 106 *Ga.* 109 (32 S. E. 80); *Southern Mutual Ins. Co.* v. *Hudson*, 113 *Ga.* 434 (38 S. E. 964); *Atlantic & Birmingham R. Co.* v. *Johnson*, 127 *Ga.* 392, 400 (56 S. E. 482, 11 L. R. A. (N. S.) 1119).

8. There was sufficient evidence of the permanency of the plaintiff's injury, with or without the evidence mentioned in the last headnote, to authorize an instruction on the subject of permanent injuries. *Southern Railway Co.* v. *Clariday*, 124 *Ga.* 958 (53 S. E. 461).

9. When this case was formerly before the Supreme Court (134 *Ga.* 571, 68 S. E. 300), it was held that the evidence did not authorize a direction of a verdict for the defendant. While the evidence now brought up differs in some particulars from that on the former hearing, it can not be said that a verdict for the plaintiff was not supported by the evidence.

10. Upon a careful consideration of the entire case, none of the grounds of the motion for a new trial requires a reversal.

*Judgment affirmed. All the Justices concur.*

FEBRUARY 26, 1913. REHEARING DENIED MARCH 1, 1913.

Action for damages. Before Judge Littlejohn. Stewart superior court. January 19, 1912.

*H. E. W. Palmer, Brutus J. Clay, Battle & Hollis,* **and** *Tomlinson Fort,* for plaintiff in error.

*Hatcher & Hatcher* and *T. T. James,* **contra.**