### CITIZENS ELECTRIC LIGHT AND POWER COMPANY *v.* THOMPSON.

ATKINSON, J.  1. If, during a rainy night, an electric-light company, upon being informed of a leakage of electricity diverted from its feed wires to a "supporting or guy wire" leading from the top of one of the company's poles to an anchorage in the ground near the sidewalk in a city, thus charging the guy wire with electricity and endangering the lives of persons passing along the walk, ordered its lineman to remove the danger; and if, in order to do so, it was necessary for the lineman to climb the pole and cut the guy wire near the top, which he proceeded to do; and if, upon cutting the guy wire, the pole fell, owing to the fact that, though apparently sound and safe, it was rotted off just below the surface of the ground, a defect unknown to the lineman, and of which he did not have equal means with the company of knowing, and for discovery of which it was not a part of his duty to inspect, the company will be liable for the injuries thereby resulting to him, if, knowing the rotten condition of the pole, it permitted him to climb the pole and cut the wire without warning him of the defect. Civil Code §§ 3130, 3131; *Southern Bell Telephone & Telegraph Co.* v. *Covington,* 139 *Ga.* 566 (77 S. E. 382), and citations. See also 2 Joyce on Electricity, §§ 656-8; 6 Shearman & Redfield on Negligence, § 217, p. 621, and citations; *Combs* v. *Delaware & Atlantic Tel. Co.,* 218 Pa. 440 (67 Atl. 751); *Munroe* v. *Edison Electric Illuminating Co.,* of Boston, 156 Fed. 468 (84 C. C. A. 278); *Ocean Steamship Co.* v. *Matthews,* 86 *Ga.* 418 (12 S. E. 632).

(*a*) The petition, containing allegations substantially as stated above, set forth a cause of action. The objections raised by special demurrer were met by amendment.

2. The several requests to charge, in so far as appropriate and applicable to the case, were covered by the general charge.

3. When the excerpts from the charge which were excepted to are considered in connection with the entire charge, the assignments of error based thereon and those based on rulings as to the admissibility of evidence afford no ground for a new trial.

5. There was evidence to support the verdict, and no error in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
FEBRUARY 10, 1915.

Action for damages. Before Judge George. Crisp superior court. August 23, 1913.

*J. T. Hill* and *King & Spalding,* for plaintiff in error.
*F. G. Boatright* and *M. M. Eakes,* contra.