## WHITEHURST v. STANDARD OIL CO.

(Circuit Court of Appeals, Fifth Circuit. October 20, 1925.)

No. 4545.

1. **Master and servant ⊜⇒101, 102(8)—Master required to furnish servant with safe place for work.**

It is master's duty to exercise ordinary and reasonable care to furnish servant with a safe place to work, under Civ. Code Ga. 1910, §§ 3130, 3131.

2. **Appeal and error ⊜⇒927(3)—Plaintiff's testimony assumed to be true on appeal from judgment of nonsuit.**

Plaintiff's testimony is assumed to be true on appeal from judgment granting motion for nonsuit.

3. **Master and servant ⊜⇒286(24)—Negligence in making inspection of ladder held for jury.**

In servant's action for injuries from ladder's breaking, whether in exercise of reasonable care in making inspection defendant would not have ascertained that rung of ladder was decayed *held* for jury, although the ladder had been recently painted, concealing the defect; it not appearing that examination before the ladder was painted would not have disclosed the defect.

Appeal from the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Action by Acy Whitehurst against the Standard Oil Company. From a judgment of nonsuit, plaintiff appeals. Reversed and remanded for new trial.

R. A. Hendricks, of Nashville, Ga. (H. W. Nelson, of Adel, Ga., and Hendricks & Hendricks, of Nashville, Ga., on the brief), for appellant.

Hughes Spalding, of Atlanta, Ga. (Patterson & Copeland, of Valdosta, Ga., and King, Spalding, MacDougal & Sibley, of Atlanta, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a suit to recover damages for a personal injury sustained by Acy Whitehurst, plaintiff below. Prior to his injury, plaintiff had been employed by defendant as its agent in the distribution of gasoline and kerosene at one of its stations, where it maintained four large tanks. A ladder extended from the ground to the top of each of these tanks, and it was a part of plaintiff's duties to ascend the ladders and go upon the tanks about once a week, in order to ascertain by use of a measuring rod the quantity of gasoline and kerosene contained in the tanks. While ascending the ladder on the side of one of the tanks, with a measuring rod in his hand, and when about 10 feet above the ground, the plaintiff placed his weight on one of the rungs near the right side of the ladder. This rung gave way, and plaintiff fell and was severely injured.

The petition alleges that the rung was so decayed and rotten that it would not hold up his weight; that the ladder had been recently painted, and its decayed condition was not apparent upon a casual examination; that this condition was unknown to him, and that it was no part of his duties to inspect the ladders, but that defendant had employees whose duty it was to visit its agency stations at reasonable intervals, and make inspections and repairs of these ladders and other property. Defendant's failure to exercise reasonable care to ascertain and repair the defective condition of the ladder constitutes the negligence charged. There was substantial evidence to support the allegations of the petition. Plaintiff had been in defendant's employ for several years, and the ladder in question had been recently painted by other employees of defendant.

When plaintiff rested, the trial court sustained a motion by defendant for an involuntary nonsuit, and judgment of nonsuit was entered. Under the Georgia practice, this was equivalent to a motion for a directed verdict.

[1, 2] It is the master's duty to exercise ordinary and reasonable care to furnish the servant with a safe place to work. It is provided by statute in Georgia that "if there are latent defects in machinery, or dangers incident to an employment, unknown to the servant, of which the master knows or ought to know, he must give the servant warning in respect thereto," and further that in suits for injuries it must appear that the master knew or ought to have known of the defects, and that the servant did not know and had no equal means of knowing, and by the exercise of ordinary care could not have known, such fact. Code Ga. §§ 3130, 3131. In this case the servant testified that he did not actually know of the defective condition of the ladder, and also that defendant assumed to itself all duty of inspection. As the case stands as made by the plaintiff, it must be assumed that this testimony is true.

[3] The only question in the case is whether defendant, in the exercise of reasonable care, ought to have known of the defect complained of. In our opinion that was a question for the jury. It cannot be said as a matter of law that, in the exercise of reasonable

care in making an inspection, defendant would not have ascertained that the rung of the ladder was decayed. Though it be conceded that the paint, which had recently been put on, concealed the defect, yet it by no means follows that an examination before the ladder was painted would not have disclosed the defect. That was a question of fact for the jury. Ocean S. S. Co. v. Matthews, 86 Ga. 418, 12 S. E. 632; Austin v. Appling, 88 Ga. 54, 13 S. E. 955. Defendant relies on the case of Southern Bell Telephone & Telegraph Co. v. Starnes, 122 Ga. 602, 50 S. E. 343. In that case the plaintiff alleged that he made a careful examination and test, which failed to disclose the defect, and the court held that the master was not required to do more. This case is distinguishable, because here the plaintiff made no examination or test.

The judgment is reversed, and the cause remanded for a new trial.