## 36067.   ARMOR GAS CORPORATION *v.* DAVIS.

Decided February 29, 1956—Rehearing denied March 14, 1956.

*Martin, Snow & Grant*, for plaintiff in error.

*Joe Ben Jackson, George L. Jackson, H. T. O'Neal, Jr.*, contra.

GARDNER, P. J. ■ Negligence of the defendant is alleged in that it permitted the escape of the gas, failed to take precautions to prevent such escape; supplied gas in such manner as to create a dangerous and explosive condition; filled the tank in dangerous proximity to an open flame and failed to first extinguish the same, failed to halt the escape of the gas after it commenced, and parked the truck so that the outlets faced the kitchen and open flame of the pilot light instead of parking so that the outlets would face the opposite direction. There was testimony which would have authorized a finding that the hose blew off its connection to the truck, and other testimony which authorized a finding that it ruptured or burst apart near this terminal. The opposite end of the hose (the ruptured end having been destroyed by fire) contained cracks, and the jury would have been authorized from these facts to find that the hose had not been properly inspected, notwithstanding testimony of the driver that he unrolled and inspected the entire hose every morning. There was also testimony that, had the truck been parked facing in the opposite direction the gas would have blown away from, rather than into, the kitchen, and the fire would probably not have occurred. Accordingly the substantial allegations of negligence were supported by testimony, and the court did not err in overruling the motion for judgment notwithstanding verdict or the general grounds of the motion for a new trial.

■ Special ground 1 assigns error on the following charge of

the court: "Gas is an inherently dangerous substance. Therefore, a company which produces and furnishes gas is bound to use such skill and diligence in its operations as is proportionate to the delicacy, difficulty and nature of that particular business. Of course, it is for you to determine whether or not the defendant in this case was negligent in any of the respects alleged in the plaintiff's petition as amended." This charge is substantially in the wording of a statement in *Atlanta Gas Light Co.* v. *Davis,* 80 *Ga. App.* 377 (56 S. E. 2d 140) and *Chisholm* v. *Atlanta Gas Light Co.,* 57 *Ga.* 28. In *Womack* v. *Central Georgia Gas Co.,* 85 *Ga. App.* 799, 802 (70 S. E. 2d 398) the following charge was approved: "In the operation of its gas business the defendant, in serving its customers, is duly bound to exercise ordinary care to prevent the gas from escaping from its pipes and valves . . . and in the exercise of such care, the degree of caution required of the gas company would be commensurate with the danger." Since it is common knowledge that the escape of inflammable gas under high pressure is dangerous, and since it has been held that "ordinary care" means due care under the circumstances, which involves a degree of caution commensurate with the danger involved, we hold that it does not come within the terms of a prohibited expression of opinion for the trial court to charge that gas is inherently dangerous. Were this not so, it would be almost impossible to convey to the jury the meaning of "ordinary care" under exceptional circumstances, such as those occurring when one deals with inherently dangerous materials. Nor is it cause for reversal that the court, in using the language of *Chisholm* v. *Atlanta Gas Light Co.,* supra, said "a company which *produces* and furnishes gas", although the gas is actually not manufactured by the defendant, which procures and furnishes natural gas. There being no question in the case as to the manufacture of gas, the word "produce" would only have been understood by the jury in the sense of "making available", and no error prejudicial to the rights of the defendant is shown. This special ground is without merit.

■ Special grounds 2 and 3 are argued together by counsel for all parties. Therefore, we will consider them together. These grounds deal with separate excerpts from the charge of the court regarding the doctrine of res ipsa loquitur. Counsel for the

defendant argues that the cause of the escaping gas was not known and that only when the cause of an injury is known and undisputed does the doctrine of res ipsa loquitur apply. At the time of the charge, the jury had had no opportunity to decide whether or not the doctrine applied. The court charged among other things: "It is for you to say whether, under all the circumstances as you find them to exist, you would, in your discretion and judgment, be authorized to apply the doctrine of res ipsa loquitur; that is, the thing speaks for itself, and infers the defendant was negligent." A judge cannot foretell the future so as to determine whether or not a jury would determine who and what caused the conflagration. It is necessary to charge every facet of a case. Then the case goes to the jury to determine each factor involved. Stansfield v. Gardner, 56 Ga. App. 634 (193 S. E. 375) does not apply because in that case it was known, beyond a shadow of a doubt, that the mentally ill patient in a private hospital, being furnished specified attendant services, was injured by a known causative factor involving lack of expected care on the part of a paid attendant. Special grounds 2 and 3 are without merit.

■ Special ground 4 assigns error because the court charged: "I charge you that if you find the fire in question was occasioned by a latent defect, if any, in a hose, and the defendant had no actual knowledge of such defect, I charge you that the plaintiff would nevertheless be entitled to recover if you find that the defendant could have avoided the consequences of such defect by the exercise of the required degree of care, and you find it failed to do so and was thus negligent in one or more of the ways alleged by the plaintiff, and such negligence was the proximate cause of plaintiff's injuries." It is argued that the charge was erroneous in that it was not sound as an abstract principle of law and was misleading and confusing to the jury; that it allowed a recovery from the movant even though the jury found that the fire was caused by a latent defect in the hose, which could not have been discovered by the defendant in the exercise of ordinary care; that it was at variance with other excerpts from the charge of the court and that it was argumentative and expressed an opinion by the court.

Counsel for the defendant argues that the charge of which

complaint is made placed an undue burden on the defendant. Counsel for the defendant cites *Whitaker* v. *Jones, McDougald, Smith-Pew Co.,* 69 *Ga. App.* 711, 716 (26 S. E. 2d 545); *Pfeiffer* v. *Yellow Cab Co.,* 88 *Ga. App.* 221, 226 (76 S. E. 2d 225); *Atlantic & Birmingham R. Co.* v. *Reynolds,* 117 *Ga.* 47 (43 S. E. 456) and *Southern Bell Telephone & Telegraph Co.* v. *Covington,* 139 *Ga.* 566 (2) (77 S. E. 382) in support of the contention regarding ordinary care. The court did charge that if the latent defect could not have been discovered by the defendant, then the plaintiff could not recover. We think that the trial court was very thorough in the charge as a whole and that the quoted excerpt, even standing alone, is not cause for a reversal of the case. We must look to the charge as a whole in order to determine the fairness of the charge. This ground is without merit.

■ Special grounds 5 and 6 are argued together, and correctly so. Counsel for the defendant requested, in writing, certain charges, which the court refused to give. We have studied the requested charges and find that when we consider the charge as a whole it is correct and covered the facts and pleadings to such an extent that these grounds do not show reversible error, even in view of the ruling in *Western & Atlantic R.* v. *Frazier,* 66 *Ga. App.* 275 (18 S. E. 2d 45); *Huckabee* v. *Grace,* 48 *Ga. App.* 621 (173 S. E. 744); *Platt* v. *Southern Photo Material Co.,* 4 *Ga. App.* 159 (60 S. E. 1068); *Andrews* v. *Lofton,* 80 *Ga. App.* 723 (57 S. E. 2d 338); and *Hughes* v. *Atlanta Steel Co.,* 136 *Ga.* 511 (71 S. E. 728, 36 L. R. A. (NS) 547, Ann. Cas. 1912C 394). Those cases are different as to facts and pleadings and are not cause for reversal of the instant case. We have read the cases cited immediately hereinabove, as well as *Firestone Service Stores* v. *Gillen,* 58 *Ga. App.* 782 (199 S. E. 853). Special grounds 5 and 6 show no cause for reversal.

■ Special ground 7 assigns error on the refusal of the court to give a charge requested by the defendant as follows: "The law of this State provides that there shall be no liability without fault. If you find the defendant was without fault, that is, was not negligent, the plaintiff cannot recover and your verdict should be for the defendant." The defendant admits that the court charged this principle of law but submits that the requested charge was in more appropriate language. We think the charge

of the court was in language which a juror could understand and that the court's refusal to charge in the language as requested by counsel for the defendant was not erroneous. See *Monroe* v. *State,* 88 *Ga. App.* 325 (2) (77 S. E. 2d 60). This ground is not meritorious.

■ Special grounds 8, 9, 10, 11, and 12 are argued together and concern admission, over objections, of evidence as to the conditions existing at the nozzle end of the hose, the end next to the customer's tank, the hose having burst at the opposite end, the end near the meter. In view of the fact that the evidence showed that cracks were found near the nozzle end and in view of the fact that the evidence showed that the hose had been altered near the nozzle, we think it appropriate that any and all parts of the hose should have been admitted in evidence. It is true that the hose broke at the opposite end, but the exhibit of the defective nozzle end showed definitely that that end was defective. The fact that the hose broke at the opposite end indicated that it was defective at that end also. So probably the whole hose was defective. We think that when a company handles a material so inherently dangerous, it behooves all parties connected with the firm to be positive that *all* parts of the hose are in proper working condition. The condition of the entire length of the hose was relevant and the court did not err in allowing any part of the hose to be submitted as an exhibit. These grounds are not meritorious.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*