39745.   LUNSFORD v. CHILDS et al.

DECIDED JANUARY 10, 1963.

*Heard & Leverett, E. Freeman Leverett,* for plaintiff in error.
*Erwin, Birchmore & Epting, Eugene A. Epting,* contra.

JORDAN, Judge. The cause of action in this case is predicated upon the alleged acts of negligence of the defendants in causing particles of sawdust to be deposited upon the plaintiff's kitchen floor and in failing to barricade the area or otherwise give warning of the alleged dangerous condition thus created. The facts set forth in the petition disclose that these acts complained of

occurred while the work which the plaintiff had contracted to be performed in her kitchen was still in progress and that the plaintiff's injuries occurred when she, with actual knowledge of this fact, entered that part of the kitchen area in which the defendant Tiller was then working where she slipped and fell.

Under these circumstances, it cannot be said that the defendants, in causing sawdust to be deposited upon the floor incidental to the installation of the molding as part of the work which they had contracted to perform and in allowing said sawdust to remain on the floor while the work was presently in progress, violated any duty which would give rise to rights in the plaintiff. Ordinary care, which is the test of the defendant's liability in a case such as this, simply requires the exercise of due care under the circumstances, which involves a degree of caution commensurate with the danger involved. *Armor Gas Corp. v. Davis,* 93 Ga. App. 563, 565 (92 SE2d 244). One is not liable for injury to another where his duty is that of ordinary care merely because of failure to exercise that degree of care which would have absolutely prevented injury. *Richardson v. Pollard,* 57 Ga. App. 777 (196 SE 199).

Furthermore, it is our opinion that, irrespective of the question of defendants' alleged negligence, the plaintiff could not recover in this case since she should have reasonably apprehended the existence of hazardous conditions in the working area and in the exercise of ordinary care for her own safety should have refrained from entering that part of her kitchen where the work was then in progress.

The trial court did not err therefore in sustaining the general demurrer to the petition.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*