**Nixon McNIEL, d/b/a McNiel Construction Company, Appellant,**

**v.**

**Randolph V. WILLIAMS et ux., (Virginia Mae Williams), Appellees.**

**No. 110.**

Court of Civil Appeals of Texas.

Corpus Christi.

March 18, 1965.

Richard A. Hall, of Branscomb, Gary, Thomasson & Hall, Corpus Christi, for appellant.

Neal Dancer, Corpus Christi, John H. Flinn, Sinton, for appellees.

SHARPE, Justice.

This is an appeal from a judgment overruling appellant's (McNiel's) plea of privilege. The parties will sometimes be referred to as in the trial court, i. e., Virginia Mae Williams, joined by her husband Randolph V. Williams, as plaintiffs, and Nixon McNiel, d/b/a McNiel Construction Company, as defendant.

Mr. and Mrs. Williams sued McNiel in the district court of San Patricio County, Texas, to recover damages for injuries allegedly suffered when Virginia Mae Williams fell in the home of Mr. and Mrs. Ben E. Ivey at Taft, Texas, where she was employed as a maid. McNiel had contracted with the Iveys to do a general remodeling of their home, including carpentering, painting and papering of same, and his employees were engaged in that work at the time of plaintiff's fall. Defendant filed a plea of privilege to be sued in Nueces County, Texas, and plaintiffs filed a controverting affidavit placing reliance upon Subdivision 9a of Article 1995, Vernon's Ann.Tex.Civ.St., reading as follows:

> "Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of

negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

By two points McNiel contends that the trial court erred in overruling his plea of privilege because the plaintiff failed to prove (1) that the defendant committed a negligent act or omission, or (2) that the act or omission alleged to have constituted negligence was that of the defendant or of his employee.

■ In the absence of findings of fact and conclusions of law, we must review the judgment under the assumption that the trial court found every issuable fact in support of the judgment; and in determining the sufficiency of evidence to support the implied findings of the trial court we must follow the rule that if, discarding all adverse evidence, and giving credit to all evidence favorable to the successful party, and indulging every legitimate conclusion favorable to him which might have been drawn from the facts proved, the trier of the facts might have found in his favor, then it is to be concluded that there is evidence to support the finding. Every reasonable intendment must be resolved in favor of the judgment and it should be affirmed if there is any evidence to support it upon any theory authorized by law. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953); James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959); Drexler v. Archi-

tectural & Commercial Sales, 375 S.W.2d 550 (Tex.Civ.App., 1964, n. w. h.).

Plaintiff's evidence, in substance, shows the following: Virginia Mae Williams came to work on the day of the accident about 9:00 a. m. Four employees of the defendant were working when she arrived. About an hour later, she walked toward a stairway to go upstairs and slipped on a nail (which she did not see until afterward), falling into the rail. A 16-penny galvanized nail was identified and admitted into evidence. Mrs. Williams sustained injuries on account of said fall, was treated by doctors on the date of the fall and thereafter, and was walking on crutches at the time of the hearing in the lower court.

■ The evidence adduced on the hearing of the plea of privilege is sufficient to support implied findings of the trial court for venue purposes that defendant's employees put the nail, on which Mrs. Williams slipped and fell, on the floor near the stairway in the Ivey home, and, that under the existing conditions such conduct amounted to negligence which proximately caused injury to her, thus satisfying the requirements of the above-quoted statute.

■ This case is not in the same category as H. E. Butt Grocery Company v. Kirkwood, 384 S.W.2d 790 (Tex.Civ.App., 1964, n. w. h.), recently decided by us. In that case the evidence was wholly insufficient to support findings that the defendant was connected with the act or omission alleged to be the basis of negligent conduct, i. e., causing or permitting a puddle of water on the floor. The instant case is more in line with Ice Service Co. v. Scruggs, 284 S.W.2d 185 (Tex.Civ.App., 1955, wr. ref., n. r. e.), which decision we discussed and distinguished in H. E. Butt Grocery Co. v. Kirkwood, supra. In the Scruggs case the offending object (ice, which melted on the floor) was brought in by a third party who had contracted with the store owner to furnish ice, and injury was caused to an employee of the store who was allowed to recover because he fell on

a slick place on the floor caused by ice particles dropped thereon. In the instant case, the record shows that defendant furnished all the labor and materials in connection with the remodeling of the Ivey home, and it is not shown that anyone else was doing carpenter or construction work near the place where the plaintiff fell on the nail. The trial judge was authorized to draw a proper inference that defendant's employees placed the nail near the stairs where Mrs. Williams fell, and that, under the conditions, such conduct constituted negligence and the proximate cause of her injuries. Venue facts, as others, may be proved by circumstantial evidence. Johnson Testers v. Kirby, 359 S.W.2d 553 (Tex. Civ.App., 1962, wr. dism.). Questions of contributory negligence are not reached in this type of hearing. Perry Construction Co. v. Watkins, 367 S.W.2d 913 (Tex.Civ. App., 1963, n.w.h.). McNiel relies on the cases of Lewis-Kures v. Edward R. Walsh & Co., 102 F.2d 42, (2 Cir. 1939), and Lunsford v. Childs, 107 Ga.App. 210, 129 S.E.2d 398 (1963), which, as we read them, do not preclude the conclusions we have reached.

Affirmed.