44344, 44346. MILLARD et al. v. AAA ELECTRICAL
CONTRACTORS & ENGINEERS, INC.,
et al. (two cases).
44345, 44347. GARDNER v. AAA ELECTRICAL
CONTRACTORS & ENGINEERS, INC.,
et al. (two cases).

ARGUED MARCH 3, 1969—DECIDED APRIL 17, 1969.

*Powell, Goldstein, Frazer & Murphy, C. B. Rogers, E. A. Simpson, Jr.,* for Millard.

*Albert P. Feldman,* for Gardner.

*Long, Weinberg & Ansley, Ben L. Weinberg, Jr., John E. Talmadge, O'Kelley, Hopkins & Van Gerpen, Earl J. Van Gerpen, Robert E. Whitley,* for appellees.

FELTON, Chief Judge. ■ The question of the standing of defendants Millard to challenge the grants of summary judgments in favor of their co-defendants is rendered moot by the reversal hereinafter of these grants of summary judgments in the plaintiffs' appeals.

■ As to defendant AAA, the pleadings, together with the affidavits and depositions on file, raise the genuine issue of material fact as to its negligence in the placement of the rope, which placement was shown to be its responsibility. It might be found that the placing and maintaining of a single rope, of a color blending with its background, with nothing placed near it or attached thereto to make it easily visible except the small strips of cloth of the size and spacing described, across the driving-walking lanes of a parking area open to the general public, was actionable negligence as to the plaintiffs, invitees upon the premises. Furthermore, it is not necessary that defendant AAA could have reasonably anticipated the particular type of injury which occurred, as long as it should have anticipated from the

nature and character of its alleged negligent act that some injury might result as a natural and reasonable consequence of its negligence. *Code* § 105-2009; *Atlanta Gas Light Co. v. Mills,* 78 Ga. App. 690, 696 (51 SE2d 705), and cit. A jury might find that injury might naturally and reasonably result from such placement of the described rope across an area used both for vehicular and pedestrian traffic. Nor were the plaintiffs so negligent as a matter of law as to bar their recovery. Both from the deposition of the plaintiff husband and the fact that the rope was placed on only one side of the ditch, with the other side exposed to pedestrian traffic, it appears likely that the rope was placed there primarily to protect defendant AAA's employees from vehicular traffic while working on and around the ditch, rather than to prohibit pedestrians, such as the plaintiffs, from walking in, or even across, that particular area.

■ As to defendant Moreland, there is raised a factual issue as to its negligence with regard to the plaintiffs, arising out of its owner-invitee relationship with them and its employer-employee relationship with its co-defendant, AAA. "The employer is liable for the negligence of the contractor . . . [i]f the wrongful act is the violation of a duty imposed by statute." *Code* § 105-502 (4). The wrongful act here involved might be found to be a violation of the non-delegable duty of the defendant shopping center, as the owner of the premises, to "exercise ordinary care in keeping the premises and approaches safe," which duty is imposed by *Code* § 105-401.

The trial court erred in rendering the summary judgments in favor of defendants AAA and Moreland.

*Judgments reversed. Pannell and Quillian, JJ., concur.*