## 50363. DAVIS v. CHILDERS.

EVANS, Judge.

During the evening of March 11, or early morning of March 12, 1973, John Richard Davis drove his truck to Childers' 66 Service Station, owned and operated by Fred Childers, in order to make certain purchases. After making the purchases he was engaged in conversation with employees of the station when he was severely wounded by a gunshot from a gun held in the hand of Charles Sanders, an employee who had not actually begun work, but was preparing to go on duty as an employee.

Davis sued Childers for personal injury. Defendant moved for summary judgment. The evidence established that Sanders had not gone on duty; the incident occurred shortly before 1 a.m.; and Sanders was encouraged and allowed to carry a gun for protection as an employee by Fred Childers, his employer. Construing the other evidence most favorably to the plaintiff, as we must do on summary judgment, it shows another employee requested to be allowed to see the gun, and in showing the gun to this employee, plaintiff was shot. While Sanders testified plaintiff slapped at him, hit the gun and it went off, this testimony was disputed and contradicted by plaintiff.

Plaintiff appeals from the granting of summary judgment against him. *Held:*

1. An owner of premises, as to invitees, owes a duty to exercise ordinary care for their protection to keep the premises safe, not *reasonably* safe. *Martin v. Henson,* 95 Ga. App. 715 (99 SE2d 251) and cases cited at page 736; *Burger Barn v. Young,* 131 Ga. App. 828 (5), 830 (207 SE2d 234).

2. Generally, negligence is a question for the jury, including lack of negligence, diligence, extraordinary diligence and slight care, negligence, and whose negligence, except in plain, palpable and indisputable cases. *Martin v. Henson,* 95 Ga. App. 715, 738, supra; *Long Const. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726); *Malcom v. Malcolm,* 112 Ga. App. 151, 153 (144 SE2d 188); *Boggs v. Griffeth Bros.,* 125 Ga. App. 304 (2) (187 SE2d 915); *Burger Barn v. Young,* 131 Ga. App. 828 (207 SE2d 234).

3. Preparations by an employee at the place of employment to begin the work for which he is employed is a part of the duties of his employment. *Maryland Cas. Co. v. Sanders,* 49 Ga. App. 600 (2) (176 SE 104). It is well settled in this jurisdiction that the employee has a reasonable time to prepare for work, and any incident involving him during such time shall be construed as arising out of and in the course of his employment. *General Acc. &c. Co. v. Worley,* 86 Ga. App. 794 (72 SE2d 560); *DeHowitt v. Hartford Fire Ins. Co.,* 99 Ga. App. 147 (2) (108 SE2d 280).

Admittedly, Sanders was an employee, although evidence was presented that he was not on duty until 1 a.m. However, a presumption arises that a servant is engaged in the master's business and within the scope of his employment; and a burden is placed upon the defendant employer to show Sanders was not engaged in the business of the master at the time of the incident. *Dawson Motor Co. v. Petty,* 53 Ga. App. 746, 749 (186 SE 877) and cases cited therein.

4. Whenever there is a mingling of personal motive, and performance of duties of his employer in the doing of any act by a servant, a jury question is created as to whether or not there is a deviation from employment, and if so, whether the deviation was so slight as not to affect the master's responsibility for the servant's act. *Jump v.*

*Anderson,* 58 Ga. App. 126, 129 (197 SE 644).

5. Even though a servant or employee may make a slight deviation from the purpose for which he was employed, if the act was so closely connected with the master's affairs that it may be said that the servant derived some benefit from it, it may nevertheless be regarded as in the course of his employment, and a jury question as to whether or not the master is liable. *Limerick v. Roberts,* 32 Ga. App. 755 (1b) (124 SE 806).

6. A master may be liable for the torts of his servant acting in the prosecution and in the scope of the master's business, including wilful torts, even though the servant at the time of the commission of such tortious act evinced anger, malice or ill will. *Frazier v. Southern R. Co.,* 200 Ga. 590 (2) (37 SE2d 774); *Seaboard Airline R. v. Arrant,* 17 Ga. App. 489 (2) (87 SE 714); *Ledman v. Calvert Iron Works,* 92 Ga. App. 733, 734 (89 SE2d 832).

7. The evidence here creates a conflict as to the incident in which the plaintiff was injured. A presumption exists that the employee was in and about his master's business, even though he had not gone on duty. A number of facts remain for determination by a jury and the court erred in granting summary judgment, since defendant failed to show there was no issue remaining. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4, 5 (126 SE2d 442); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408).

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED FEBRUARY 26, 1975 — DECIDED APRIL 9, 1975.

*Dunaway & Perry, William J. Perry,* for appellant. *Greer & Klosik, Richard G. Greer,* for appellee.