## 54806. HOOD v. McCALL CLINIC, INC.

BANKE, Judge.

The appellant sued to recover for injuries sustained when she fell in the appellee's parking lot. At the close of the evidence the trial judge directed a verdict for the appellee on the ground that the appellant was a mere licensee and that the evidence failed to prove a wilful and wanton injury. The appellant now appeals the judgment.

The appellant testified that, as she stepped with her left foot, the asphalt collapsed, causing her left leg to double up under her, thereby causing her to fall on her right arm. She also testified that she looked carefully before she stepped and did not notice any defect in the asphalt. The appellant contends that she was a business invitee and that by not inspecting the parking lot for defects the appellee breached its duty to exercise ordinary care in keeping the premises safe. See Code § 105-401.

We do not find it necessary to decide whether the appellant was a business invitee or a licensee as even under the higher standard the evidence wholly fails to prove any liability on the part of the appellee for the appellant's injury. Ordinary diligence does not require an inspection of property in the absence of any reason for the owner to believe that such an inspection is necessary. See *Hughes v. Winn-Dixie Stores,* 142 Ga. App. 110 (1) (235 SE2d 619) (1977). Here, the appellant does not show that the appellee had any prior knowledge, either actual or constructive, that the asphalt in the parking lot was crumbling or otherwise defective.

The situation in this case is similar to that in *Professional Bldg., Inc. v. Reagen,* 129 Ga. App. 183 (199 SE2d 266) (1973). There, after a thorough discussion of the law relating to property owners' liability for injuries resulting from alleged defects in the maintenance of business property, the court ruled that the property owner was entitled to a directed verdict. "All the evidence tended to show that there was no defect at some time prior to the occurrence in question, and nothing to show when the defect came into existence. Thus, if the defect caused plaintiff's fall, there is no evidence that it was in existence for sufficient period of time for the defendant to have

discovered it in the course of any inspection which the jury might find would be required. This being true, and there being no other circumstances sufficient to charge the defendant with constructive notice, the plaintiff failed to carry the burden of proof and the defendant was entitled to a directed verdict." 129 Ga. App. 185. See also *Shepherd v. Whigham,* 111 Ga. App. 274 (2) (141 SE2d 583) (1965); *Fender v. Colonial Stores, Inc.,* 138 Ga. App. 31 (1) (B) (225 SE2d 691) (1976).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED NOVEMBER 8, 1977 — DECIDED FEBRUARY 15, 1978 — REHEARING DENIED MARCH 16, 1978.

*Duffey & Sawhill, John E. Sawhill, III,* for appellant.
*Rogers, Magruder & Hoyt, J. Clinton Sumner, Jr., Raymon H. Cox,* for appellee.