72911, 72912. TOWLES et al. v. COX; and vice versa.

(351 SE2d 718)

McMurray, Presiding Judge.

Plaintiff Caroline Otto Cox was an employee and manager of the Valet Cleaners at the Vinings Junction Shopping Center, a small strip shopping center located in Cobb County. She brought this personal injury action against the owners of the shopping center and William T. Towles ("Towles"), the manager of the shopping center. Following a jury trial, a verdict was rendered in favor of plaintiff and against defendants in the amount of $160,000. Judgment was entered in accordance with the verdict and defendants appealed (case no. 72911). A cross-appeal was filed by plaintiff (case no. 72912).

In the fall of 1981, Towles hired Herman Kenemore to install a new water meter and water lines in the shopping center. Kenemore had considerable experience installing water and sewer lines as he had been actively engaged in that line of work for a number of years. Kenemore was not, however, a duly licensed plumber.

It was agreed that defendants would furnish most, if not all, of the materials required to install the new meter and water lines and Kenemore was to furnish all labor and equipment. Kenemore was to be paid on a unit cost basis with a maximum cost for the job.

Towles was not unfamiliar with Kenemore's work. In fact, Kenemore installed the original water and sewer lines for the shopping center. Towles deemed that work to be satisfactory.

Towles assumed the responsibility of obtaining all permits for the job. Nevertheless, he did not seek a commercial water line permit for the installation of the water lines and he did not inquire as to whether Kenemore was a duly licensed plumber.

Kenemore began working on the shopping center in October 1981. He was accompanied by Raymond Smith, his own employee. In order to lay the water lines it was necessary for Kenemore and Smith to dig up asphalt in various parts of the shopping center parking lot. They used a backhoe, a "mighty-mo," a jackhammer and other construction equipment to do the job. Together, Kenemore and Smith dug up the asphalt in front of the shopping center, to the side and to the rear. Once or twice a day, Towles came by to observe Kenemore's work.

Plaintiff knew that Kenemore and Smith were working around the cleaners because she heard them and saw them. She personally warned several customers of the cleaners to be careful because of the construction.

On October 9, 1981, Towles was out of town. By that time, Kenemore and Smith had been working at the shopping center for four days. Early in the morning, plaintiff went out the back door of the cleaners to turn on the boiler. At that time, she observed a ditch

digger next to the sidewalk which ran along the back wall of the cleaners. She did not see any equipment on the sidewalk itself. Plaintiff went back inside the cleaners and worked. During the morning hours, she heard the noise of machinery coming from the back of the cleaners.

Shortly before or after the lunch hour, Smith placed a jackhammer upright against the back wall of the cleaners. Smith had propped up the jackhammer, which weighed 90 pounds, because he had just finished using it to cut the asphalt and he was "too tired to lay it down." The jackhammer was positioned on the sidewalk about a foot from the back door and three or four feet from where the asphalt was being dug up. An air hose was attached to the jackhammer and the hose was stretched out on the sidewalk in front of the door.

Moments after Smith placed the jackhammer on the sidewalk, plaintiff opened the back door. (She had been asked by a co-worker to check the boiler because the presser was not putting out any steam.) The door was made of metal. It did not open smoothly under normal conditions and needed a little extra push. As plaintiff opened the door, the air hose was pulled and the jackhammer began to fall. In a split second, the jackhammer struck plaintiff in the leg and permanently damaged her peroneal nerve.

When the case was tried, defendants moved for a directed verdict after plaintiff rested her case. They asserted that Kenemore was an independent contractor and that, therefore, they were not liable for the misfeasance of Smith, Kenemore's employee. They also argued that they themselves breached no duty to plaintiff. The trial court agreed with defendants that Kenemore was an independent contractor and that defendants were not vicariously liable to plaintiff. Nevertheless, the trial court denied defendant's motion for a directed verdict. It held that a jury question remained as to whether plaintiff was injured as a result of a breach of defendants' duty to exercise ordinary care to keep the premises safe.

In the main appeal, defendants contend the trial court erred in failing to grant their motion for directed verdict. In the cross-appeal, plaintiff asserts that the trial court erred by ruling that defendants could not be found vicariously liable for the negligent act committed by Smith. *Held*:

1. *The Main Appeal.* Under the laws of this State, a landowner is not liable to any person who is injured on the land if full possession and complete control of the land were delivered and surrendered to an independent contractor. *Butler v. Lewman & Co.*, 115 Ga. 752, 756 (2) (42 SE 98) (1902); *Newburn v. Healey Real Estate &c. Co.*, 17 Ga. App. 217 (1) (86 SE 429) (1915). The same rule applies where a landowner surrenders a portion of his premises to an independent contractor — the landowner is relieved of his duties with regard to the

portion of the premises which he no longer controls. *Hodge v. United States*, 310 FSupp. 1090, 1098 (M.D. Ga. 1969). Did defendants deliver possession of the premises or a portion thereof to Kenemore?

"Possession may be defined as having personal charge of or exercising the rights of management or control over the property in question. Custody and control are the commonly accepted and generally understood incidents of possession." *Hodge v. United States*, 310 FSupp. 1090, supra at 1098. Plaintiff contends defendants did not deliver full possession and complete control of the premises to Kenemore and that, therefore, defendants owed a duty to plaintiff to exercise ordinary care to keep the premises and approaches safe. Completing the argument, plaintiff asserts defendants breached that duty by failing to exercise ordinary care under the circumstances.

"An owner of premises, as to invitees, owes a duty to exercise ordinary care for their protection to keep the premises safe, not *reasonably* safe. [Cits.]" *Davis v. Childers*, 134 Ga. App. 534, 535 (1) (215 SE2d 297) (1975). "A business invitor owes a nondelegable duty to protect [his] invitees from injury . . ." *Gerald v. Ameron Auto. Centers*, 145 Ga. App. 200, 202 (2) (243 SE2d 565) (1978).

Thus, the dispositive issue in the case sub judice is whether there is any evidence which would authorize a jury to find that defendants had not delivered full possession and complete control of the sidewalk to Kenemore and if full possession and complete control were not delivered, whether plaintiff was injured as a result of a breach of the nondelegable duty owed to plaintiff as an invitee on the sidewalk that defendants controlled? We find that the evidence authorized the jury to resolve this dispositive issue in favor of plaintiff.

"Ordinary diligence does not require an inspection of property in the absence of any reason for the owner to believe that such an inspection is necessary. [Cit.]" *Hood v. McCall Clinic*, 145 Ga. App. 314 (243 SE2d 571) (1978). Defendants knew, however, that the area immediately adjacent to their sidewalk was the site of construction work that they themselves had authorized and, insofar as defendant Towles did actually observe the ongoing work once or twice a day, a duty to inspect was specifically assumed. Defendants were thus on notice of the general manner in which the construction work was being performed. It is true that, "[w]here there are *no conditions making the premises unusually dangerous*, the law does not require the proprietor to provide a constant patrol. [Cit.]" (Emphasis supplied.) *Emory Univ. v. Williams*, 127 Ga. App. 881, 883 (195 SE2d 464) (1973). However, the construction activity adjacent to the sidewalk required use of several different pieces of mobile heavy equipment for the purpose of removing asphalt.

We are of the view that the jury *was* authorized to find that, under the existing circumstances, an ordinary prudent man would

and should recognize the construction activity as a dangerous non-static condition and anticipate that in the absence of a "constant patrol," whether in person or by placement of a barrier of some type, that dangerous construction activity might physically encroach upon the sidewalk and thereby present a danger to unknowing invitees. Defendants authorized construction activity requiring heavy machinery to be performed next to their sidewalk without taking any preventive measures to protect invitees who might use the sidewalk from such encroaching dangers as a piece of broken asphalt or an errant piece of moving equipment. "If the conduct of third persons . . . is such as to cause any reasonable apprehension of danger to other customers or invitees because of such conduct, it is the duty of the proprietor to interfere to prevent probable injury; and a failure so to interfere, and consequent damage, will subject such proprietor to an action for damages for such negligent failure to prevent the injury. This duty of interference on the proprietor's part does not begin until the danger is apparent, *or the circumstances are such as would put an ordinarily prudent man on notice of the probability of danger.* [Cit.]" (Emphasis supplied.) *Covington v. S. H. Kress & Co.,* 102 Ga. App. 204, 205 (115 SE2d 621) (1960). The nondelegable duty to keep one's premises safe requires that "the owner or occupier must use ordinary care to *guard, cover, or protect* the dangerous or defective portion of the premises . . . [Cit.]" (Emphasis supplied.) *Sheffield Co. v. Phillips,* 69 Ga. App. 41, 46 (24 SE2d 834) (1943).

The fact that defendants did not anticipate that the actual encroachment of the dangerous construction activity onto their unpatrolled and unbarriered sidewalk would take the form of an intentional rather than an inadvertent act of the workmen is immaterial. "With reference to foreseeability of injury, 'The correct rule is that in order for a party to be held liable for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient if, in ordinary prudence, he might have foreseen that some injury would result from his act or omission, and that consequences of a generally injurious nature might result.' [Cit.]" *Sims v. American Cas. Co.,* 131 Ga. App. 461, 468 (4) (206 SE2d 121) (1974), aff'd 232 Ga. 787 (209 SE2d 61) (1974). The evidence was sufficient to authorize the jury to find that defendants were on notice that the failure to take any precautions to protect their invitees on the adjacent sidewalk would result in *some form* of potential physical encroachment of the dangerous construction activity with an injurious result. It is not necessary that defendants "could have reasonably anticipated the particular type of injury which occurred, as long as [they] should have anticipated from the nature and character of [the] alleged negligent act that some injury might result as a natural and reasonable consequence of [their] negligence. [Cits.]"

*Millard v. AAA Elec. Contractors*, 119 Ga. App. 548, 555-556 (167 SE2d 679) (1969). The evidence authorized the jury to find that defendants were "under a duty to apprehend the danger of such injuries because of the nature of the enterprise . . . [T]here [was a sufficient] showing that proper supervision[, whether in person or by a physical barrier, of the sidewalk that defendants elected to keep open] could have prevented the occurrence of such an injury." *Lincoln v. Wilcox*, 111 Ga. App. 365, 368 (141 SE2d 765) (1965).

"Issues of negligence and proximate cause are generally for the jury, and a court should not decide them except in plain and indisputable cases. [Cits.] 'Even where there is no dispute as to the facts, it is, however, usually for the jury to say whether the conduct in question met the standard of the reasonable man.' [Cit.]" *Collins v. Mc-Glamory*, 152 Ga. App. 114 (262 SE2d 262) (1979). The jury in the instant case resolved the issues of negligence and proximate cause in favor of plaintiff and against defendants.

The trial court did not err in failing to grant defendants' motion for a directed verdict. See *Doyle v. Estes Heating &c.*, 173 Ga. App. 491, 493 (3) (326 SE2d 846); *United Fed. Savings &c. Assn. v. Connell*, 166 Ga. App. 329, 330 (1) (304 SE2d 131).

2. In their second and third enumerations of error, defendants contend the trial court erred by refusing to give two requests to charge. In one request, the trial court was urged to charge the jury that if plaintiff's injury was entirely the result of the acts of the independent contractor, plaintiff could not recover. In the other request, the trial court was asked to instruct the jury that defendants were entitled to presume that their independent contractor would do his work in a prudent and proper manner and that defendants were not bound to supervise the progress of the work.

The requests to charge miss the mark. The issue for determination was whether defendants themselves were negligent. The question of the independent contractor's negligence was eliminated by the trial court. With regard to the negligence of defendants, the trial court properly and sufficiently instructed the jury that plaintiff could recover if she proved by a preponderance of the evidence that defendants were negligent and that their negligence was the proximate cause of plaintiff's injuries. The trial court's charge covered the facts and pleadings to such an extent that no harmful error is shown. *Armor Gas Corp. v. Davis*, 93 Ga. App. 563, 567 (5) (92 SE2d 244).

3. In their final enumeration of error, defendants assert the trial court erred by charging the jury that defendants could be found liable for the failure to warn invitees of dangers which defendants knew or in the exercise of ordinary care should have known. We find no error here. The charge was properly adjusted to the facts of the case. See *Covington v. S. H. Kress & Co.*, 102 Ga. App. 204, 205, supra.

4. *The Cross-Appeal* (case no. 72912). Plaintiff contends defendants are liable vicariously for the negligent act of Smith. Our holding in Division 1 of the main appeal (case no. 72911) has rendered as moot the issue raised in plaintiff's cross-appeal.

*Judgment affirmed in the main appeal; cross-appeal dismissed. Carley and Pope, JJ., concur.*

DECIDED DECEMBER 5, 1986 — 

*David D. Rawlins*, for appellants.
*Harry L. Cashin, Jr., Arthur Sanford Vener, Johann R. Manning, Jr.*, for appellee.